In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00254-CV
_____


IN THE INTEREST OF H.C.D. and A.L.D.

On Appeal from the 418th District Court
Montgomery County, Texas
Trial Cause No. 15-02-01193-CV

## MEMORANDUM OPINION

In this appeal from a judgment in a suit affecting the parent-child relationship, we are asked to decide whether the trial court should have allowed two of the children, who were represented in the suit by an attorney ad litem, to amend their pleadings to include a claim asking that the court consider giving the two children court-ordered rights of access to their half-sibling. Based on the trial court's conclusion that the issue of sibling access had not been tried by consent, the trial court refused to allow the attorney ad litem to amend the pleadings of the children she represented to include a claim of sibling access. We conclude the trial

1

court did not abuse its discretion in denying the request the children made through their attorney to include a claim of sibling access.

In a suit brought by the Texas Department of Family and Protective Services for the protection of the minors, H.C.D. and A.L.D.,[1] the trial court appointed the children's paternal aunt ("Aunt") as their managing conservator. In a separate case involving H.C.D.'s and A.L.D.'s half-sibling, K.G., the trial court appointed K.G.'s maternal grandmother ("Grandmother") as K.G.'s managing conservator. Although the cases were filed separately, the reporter's record of the proceedings indicates that the two cases were tried by the court in a consolidated non-jury proceeding. During the trial, the attorney ad litem appointed to represent H.C.D. and A.L.D. requested that the trial court allow H.C.D. and A.L.D. to amend their pleadings to include a claim by H.C.D. and A.L.D. for court-ordered rights of access to K.G. The ad litem sought the trial amendment once it became apparent that the trial court was considering appointing the Aunt to be H.C.D. and A.L.D.'s managing conservator but was considering appointing Grandmother as K.G.'s managing conservator. Aunt and Grandmother are not biologically related. In the

---

[1] We refer to the minors by their initials to protect their identities. *See* Tex. R. App. P. 9.8(b). We refer to the adults by their relation to the children; here, Aunt and Grandmother. *See id.*

sole issue raised in their appeal, H.C.D. and A.L.D contend the trial court abused its discretion by "finding that the issue of sibling access was not tried by consent."

The Family Code allows children who are separated from their brothers or sisters because of an action of the Department of Protective and Family Services to file a suit requesting court-ordered rights of access to their siblings. *See* Tex. Fam. Code Ann. § 153.551 (West 2014); *see also* Tex. Fam. Code Ann. § 102.0045 (West Supp. 2016). However, H.C.D. and A.L.D. did not file a separate petition seeking sibling access, and prior to the trial that concerned who should be appointed to be the managing conservators of K.G., H.C.D. and A.L.D., H.C.D. and A.L.D.'s attorney did not file any pleadings seeking an order for H.C.D. and A.L.D. to be awarded rights of access to K.G.

On appeal, H.C.D. and A.L.D. rely on Rule 67 of the Texas Rules of Civil Procedure to argue that the issue of whether the trial court was required to consider their sibling-access claim was tried by consent in a trial that resolved who to appoint as the managing conservators of the three children. *See* Tex. R. Civ. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."). However, the rule of trial by consent is limited to exceptional cases where the record, as a whole, clearly shows that the parties tried an unpleaded

3

issue by consent. *See Gutierrez v. Gutierrez*, 86 S.W.3d 721, 729 (Tex. App.—El Paso 2002, no pet.); *In re Walters*, 39 S.W.3d 280, 289 (Tex. App.—Texarkana 2001, no pet.); *Stephanz v. Laird*, 846 S.W.2d 895, 901 (Tex. App.—Houston [1st Dist.] 1993, writ denied). Rule 67 was not intended to establish a general rule of practice, the rule of trial by consent is to be applied with care, and a trial court does not abuse its discretion by refusing to apply the rule of trial by consent in doubtful situations. *See Stephanz*, 846 S.W.2d at 901. In general, the conclusion that an unpleaded issue was tried by implied consent "applies only where it appears from the record that the issue was actually tried[.]" *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 281 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

To determine whether an issue was tried by consent, the appellate court reviews the reporter's record, not for evidence of the issue, but for evidence of the trial of the issue. *Stephanz*, 846 S.W.2d at 901. When the evidence that a party is relying upon to suggest that an issue was tried by consent is also relevant to another issue that was pleaded and tried, the evidence that a party relies upon to suggest an issue was tried by consent will not necessarily support the conclusion that the trial court erred in refusing the request to amend their pleadings. Under such circumstances, because the evidence would be relevant to an issue raised by the live pleadings the proffer of that evidence would not likely elicit an objection

from any of the parties during the trial. *See Sage St. Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 446 (Tex. 1993); *McBride v. McBride*, No. 09-14-00040-CV, 2016 WL 157764, at *4 (Tex. App.—Beaumont Jan. 14, 2016, no pet.); *In re J.M.*, 156 S.W.3d 696, 705 (Tex. App.—Dallas 2005, no pet.).

In this case, the principal issues the trial court was being asked to decide based on the live pleadings concerned who should be appointed as the managing conservators of H.C.D., A.L.D., and K.G. At trial, Grandmother was requesting to be appointed the managing conservator of all three of the children. Although the testimony in the trial includes evidence about the disadvantages that might occur if Grandmother were not named as the managing conservator of all three children, evidence of the siblings' bonds with each other, and evidence favoring the placement of all three children with Grandmother, that same evidence was relevant to the trial court's determination of whether to appoint Aunt or Grandmother as H.C.D. and A.L.D.'s managing conservator. *See generally* Tex. Fam. Code Ann. §§ 153.005 (West Supp. 2016), 153.131, 153.311 (West 2014), 153.371, 263.404 (West Supp. 2016). In other words, the evidence that H.C.D. and A.L.D. rely upon in their argument to support their claim of trial by consent was not relevant solely to their claim seeking a court-ordered right of sibling access.

5

Additionally, the reporter's record of the trial does not demonstrate that the Department or Aunt allowed the claim of sibling access to be tried by consent. Before the testimony commenced, the attorney ad litem, who represented all three of the minors, suggested that "some form of visitation is crucial among the siblings and with grandma for the two who will not -- who are advocating to stay where they are currently placed." In opening statement, however, Aunt's counsel reminded the trial court that "there haven't been any suits filed for sibling possession, access or visitation." In closing statements, the attorney ad litem who represented all three children argued that Grandmother should be named a possessory conservator of these two children and be granted unsupervised visitations, adding, "that would also cure the sibling visits, as well."

After a brief recess, the trial court orally pronounced its decision regarding who would be appointed to the role of managing conservator of each of the three minors involved in the suit, and it then recessed the proceedings to allow the parties to negotiate on visitation. At that point, Grandmother's attorney asked whether the court was considering visitation and access for the siblings, and the trial court responded that it was considering visitation for "everybody involved." The attorney ad litem for H.C.D. and A.L.D. argued that sibling access could be implemented through an order for grandparent access, and she requested the trial

court's permission to file a trial amendment on behalf of H.C.D. and A.L.D. seeking sibling access to K.G. The Department opposed Grandmother's request to amend the pleadings, arguing that no claim for sibling access had been raised in the pleadings then on file. The Department's attorney suggested that the evidence addressing the minors' relationships with one another had been admitted during the trial in the context of Grandmother's request to be appointed managing conservator over all three of the minors. Grandmother's attorney did not oppose the request, suggesting that there was evidence admitted in the trial addressing Grandmother's desire to have access to all three children. However, Aunt's attorney opposed the request by the attorney ad litem to add a claim of sibling access, arguing that the claim seeking sibling access had been raised only after the trial court had announced its decision to deny Grandmother's request to have possessory rights to all three of the minors. After the trial court considered the parties' arguments, the trial court denied the ad litem's request to add claim of sibling access to the suit.

In this case, the record supports the conclusion that the parties did not try the issue of sibling access by consent. In our opinion, the evidence relied upon by the minors in their appeal to support their claim of trial by consent was not relevant solely to their claim of sibling access. That same evidence was relevant to Grandmother's claim seeking rights of possession to all three of the minors and

7

relevant to the trial court's determinations about what possessory appointment would be in each child's best interest. *See generally McBride*, 2016 WL 157764, at *5. For example, although a caseworker employed by the Department of Family and Protective Services testified that the trial court had ordered sibling visits throughout the case, the clerk's record shows the trial court granted temporary visitation to Grandmother after the attorney ad litem for H.C.D. and A.L.D. filed a motion for visitation. During the trial, the caseworker agreed that the relationships between the siblings should be maintained, but her concerns that the children might not see each other absent court-ordered visitation were expressed in the context of the court ordering visitation with Grandmother and of keeping the children together based on the option of appointing Grandmother to be all three of the minors' managing conservator. While there was also testimony during the trial by a psychologist that indicated there would be benefits to keeping all three of the children together, his testimony occurred in the context of placing H.C.D. and A.L.D. in Grandmother's home. A psychotherapist who had seen the children stated that she would support sibling visitation if Aunt were to be appointed as the managing conservator, but she clarified that she thought the appropriate degree of contact with Grandmother and those in her household would be one visit every six weeks.

In summary, the trial court's view that the existing pleadings made the testimony about how often H.C.D. and A.L.D. should see Grandmother and those living in her home relevant to the question of who should be appointed the minors' conservators was reasonable. We agree with the trial court's view that the evidence about the benefits of the children remaining together is not evidence that relates exclusively to an unpleaded claim for sibling access. Because the trial court did not abuse its discretion by denying the requested amendment to add a claim of sibling access, we overrule the appellants' issue. The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice


Submitted on November 1, 2016
Opinion Delivered December 29, 2016

Before McKeithen, C.J., Horton and Johnson, JJ.

9